# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3715

_____

Enerplus Resources (USA) Corporation, a Delaware corporation

*Plaintiff - Appellee*

v.

Wilbur D. Wilkinson

*Defendant - Appellant*

Three Affiliated Tribes, Fort Berthold District Court

*Defendant*

Reed Alan Soderstrom, agent for Wilber D. Wilkinson

*Defendant - Appellant*

Ervin J. Lee, an individual

*Defendant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: May 9, 2017
Filed: August 2, 2017

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

SMITH, Chief Judge.

Enerplus Resources (USA) Corporation ("Enerplus") mistakenly overpaid mineral royalties to Wilbur Wilkinson and demanded a return of the excess funds. In response, Wilkinson sued Enerplus in tribal court. Enerplus then filed suit in federal court, seeking the return of the excess funds and a declaration that the tribal court lacked jurisdiction over the dispute. The district court[1] preliminarily enjoined Wilkinson from proceeding with his case in tribal court. Wilkinson appeals. We affirm.

## I. *Background*

Wilbur Wilkinson sued Peak North Dakota, LLC ("Peak North") in tribal court. Subsequently, on October 4, 2010, Peak North and Wilkinson entered into a "Settlement Agreement, Full Mutual Release, Waiver of Claims and Covenant Not to Sue" ("Settlement Agreement"),[2] whereby Peak North agreed to assign Wilkinson an overriding royalty interest (ORRI) in certain oil and gas leases located in North Dakota.[3]

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

[2]In conjunction with the Settlement Agreement, the parties executed an "Assignment of Overriding Royalty Interest" and division orders. We refer to these other documents collectively as the "Assigning Documents."

[3]Attorney Ervin Lee represented Wilkinson during the Settlement Agreement negotiation, and ten percent of Wilkinson's ORRI was assigned to Lee as part of the Settlement Agreement. Because Lee's interest is derived from Wilkinson's interest and Lee is similarly situated to Wilkinson in the present action, we need not separately discuss Lee's interest.

Pursuant to the Settlement Agreement, Peak North and Wilkinson agreed that "any disputes arising under this Agreement and/or the transactions contemplated herein shall be resolved in the United States District Court for the District of North Dakota Northwest Division and such court shall have exclusive jurisdiction hereunder and no party shall have the right to contest such jurisdiction or venue." The Assigning Documents contained similar clauses, stating that all disputes "shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and such courts shall have exclusive jurisdiction hereunder and neither [party] shall have the right to contest jurisdiction or venue."

In December 2010, Peak North merged with and into Enerplus, with Enerplus being the surviving entity. Because of an alleged clerical error between August 2014 and October 2015, Enerplus claims it overpaid the ORRI due to Wilkinson by $2,961,511.15. Upon discovering the error, Enerplus promptly, but unsuccessfully, sought return of the overpaid funds.

On February 29, 2016, Wilkinson sued Enerplus in the Fort Berthold Tribal Court, alleging Enerplus breached the Settlement Agreement by underpaying Wilkinson. Specifically, Wilkinson sought "an accounting on the leases, mineral acreage and [ORRI]"; "an order . . . decree[ing] that [Enerplus] has not fully paid its obligation"; and that "title be quieted as to such claim, and that [Enerplus] be forever debarred and enjoined from further asserting the same."

Enerplus subsequently brought this action in the federal district court, seeking (1) a preliminary injunction prohibiting Wilkinson from prosecuting any lawsuits in tribal court arising from or relating to the Settlement Agreement and prohibiting the tribal court from exercising jurisdiction over Enerplus in Wilkinson's tribal court case, and (2) an order requiring that the overpaid ORRI be deposited into the district court's registry. In response, Wilkinson moved to dismiss, arguing that (1) the Settlement

Agreement is void, (2) Enerplus failed to exhaust tribal remedies, (3) the tribal court has jurisdiction, and (4) the requested preliminary injunction should be denied.

The district court analyzed the factors for granting preliminary injunctive relief set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc). In considering these factors, the court found Enerplus has a strong likelihood of success on its claims and noted that "it appears likely Enerplus will prevail on [its] claim[] that the Tribal Court lacks jurisdiction" because "[t]he tribal exhaustion doctrine does not apply when the contracting parties have included a forum selection clause." Further, the court found that Enerplus would suffer irreparable harm without injunctive relief, Wilkinson would suffer no harm by being enjoined from continuing to litigate in the tribal court, and injunctive relief would serve the public interest. After concluding that the *Dataphase* factors weighed in favor of granting injunctive relief, the court granted Enerplus's motion for preliminary injunctive relief and denied Wilkinson's motion to dismiss. Specifically, the court enjoined Wilkinson from prosecuting any lawsuits arising from or relating to the Settlement Agreement in the tribal court, prohibited the tribal court from exercising jurisdiction over Enerplus in Wilkinson's pending suit, and ordered Wilkinson to transfer the overpaid ORRI into the district court's registry. Wilkinson appeals, arguing that the district court erred in granting the preliminary injunction because it "failed to consider the public interest in Tribal Sovereignty" and "instead gave greater weight to the forum selection clauses alone."[4]

---

[4]Wilkinson filed a notice of appeal and moved for a stay pending appeal in regards to depositing the excess monies. The district court denied the request for a stay, and the excess monies were immediately deposited into the court's registry. While this appeal was pending, the district court granted Enerplus's motion for partial summary judgment, holding that Enerplus is entitled to have the overpaid ORRI returned under North Dakota law because the payment was made under the influence of mistake of fact. *Enerplus Res. (USA) Corp. v. Wilkinson*, No. 1:16–CV–103, 2017 WL 721977 (D.N.D. Feb. 23, 2017). Wilkinson appealed this ruling on March 6,

## II. *Discussion*

"A district court has broad discretion when ruling on a request for preliminary injunction, and it will be reversed only for clearly erroneous factual determinations, an error of law, or an abuse of its discretion." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1035 (8th Cir. 2016) (quoting *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 893 (8th Cir. 2013)). In deciding whether to issue a preliminary injunction, the district court should consider "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase*, 640 F.2d at 113. With these factors in mind, "[w]e will not disturb a district court's discretionary decision if such decision remains within the range of choice available to the district court, accounts for all relevant factors, does not rely on any irrelevant factors, and does not constitute a clear error of judgment." *Richland/Wilkin*, 826 F.3d at 1035 (quoting *PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1142 (8th Cir. 2007)).

Wilkinson argues only that the district court erred in granting the preliminary injunction because it "failed to consider the public interest in Tribal Sovereignty" and "instead gave greater weight to the forum selection clauses alone." Specifically, Wilkinson argues that since the underlying leased interests involve tribal lands, the tribal court should be afforded the opportunity to determine its own jurisdiction in the first instance.

---

2017, and we granted Enerplus's unopposed motion to dismiss the interlocutory appeal. *See* Fed. R. App. P. 42(b).

However, as the district court below noted, "[t]he tribal exhaustion doctrine does not apply when the contracting parties have included a forum selection clause in their agreement." (Citing *FGS Constructors, Inc. v. Carlow*, 64 F.3d 1230, 1233 (8th Cir. 1995).) The contracting parties here agreed that "any disputes arising under [the Settlement] Agreement . . . shall be resolved in the United States District Court for the District of North Dakota Northwest Division and such court shall have exclusive jurisdiction hereunder and no party shall have the right to contest such jurisdiction or venue." By this forum selection clause, Wilkinson agreed that any and all disputes arising under the Settlement Agreement would be litigated in federal district court—not tribal court.[5] The district court's *Dataphase* analysis is sound, and the court did not legally err nor abuse its discretion. Consequently, Wilkinson cannot bring suit arising from or related to the Settlement Agreement in the tribal court.

Alternatively, Wilkinson asserts that Enerplus lacks standing to enforce the forum selection clause because the Settlement Agreement incorporates by reference the underlying leases, which prohibit the assignment of mineral interests without approval from the Secretary of the Interior. Absent proof of approval, Wilkinson argues, "[a]ny assignment from Peak [North] to Enerplus has not followed the terms and mandate of the [leases]" and possibly voided the Settlement Agreement. The district court concluded that there is no "merit to the . . . argument that the *merger* of

---

[5]"[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (second alteration in original) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)); *see also M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) ("Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching."). Wilkinson argues that the forum selection clause should not be enforced because "[t]his is an exceptional case" involving ORRIs in leased tribal lands. However, Wilkinson fails to explain why this case is "exceptional."

Peak North and Enerplus somehow invalidated the Settlement Agreement." (Emphasis added.) We agree.

Although Wilkinson argues that "[a]ny assignment from Peak [North] to Enerplus has not followed the terms and mandate of the [leases]," Wilkinson does not allege that any assignment actually occurred. Wilkinson seems to equate the Peak North–Enerplus merger with an assignment. But Wilkinson provides no authority for this contention. And even if such an assignment had occurred, Wilkinson has not shown that it would void the underlying lease or invalidate the Settlement Agreement. Instead, Wilkinson only claims that the transaction "must be considered suspect." Wilkinson's bare assertion is unpersuasive.

### III. *Conclusion*

We hold that the district court's preliminary injunction was "within the range of choice available to the district court, account[ed] for all relevant factors, d[id] not rely on any irrelevant factors, and d[id] not constitute a clear error of judgment." *Richland/Wilkin*, 826 F.3d at 1035 (quoting *PCTV Gold*, 508 F.3d at 1142). Accordingly, we affirm the judgment of the district court.

_____