# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-3708

_____

Enerplus Resources (USA) Corporation, a Delaware corporation

*Plaintiff - Appellee*

v.

Wilbur D. Wilkinson

*Defendant - Appellant*

Three Affiliated Tribes, Fort Berthold District Court

*Defendant*

Reed Soderstrom, agent for Wilber D. Wilkinson

*Defendant - Appellant*

Ervin J. Lee, an individual

*Defendant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 15, 2019
Filed: January 14, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Enerplus Resources (USA) Corporation ("Enerplus") brought suit to recover approximately $2.9 million in overpayments to Wilbur D. Wilkinson. The overpayments stemmed from an overriding royalty interest paid in connection with a settlement agreement between, among others, Wilkinson and Peak North Dakota, LLC ("Peak North"). Peak North subsequently merged into Enerplus. The district court[1] awarded summary judgment in favor of Enerplus, holding that it was entitled to a return of the overpayment. The court also awarded Enerplus its costs and fees under a contractual fee-shifting provision. Wilkinson appeals. We affirm.

## I. *Background*[2]

Wilkinson sued Peak North in tribal court. Subsequently, on October 4, 2010, Peak North and Wilkinson entered into a "Settlement Agreement, Full Mutual Release, Waiver of Claims and Covenant Not to Sue" ("Settlement Agreement"),[3]

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

[2]The background section is taken in large part from our prior opinion, *Enerplus Resources (USA) Corp. v. Wilkinson*, 865 F.3d 1094, 1095–96 (8th Cir. 2017), without further attribution.

[3]In conjunction with the Settlement Agreement, the parties executed an "Assignment of Overriding Royalty Interest" and division orders. We refer to these other documents collectively as the "Assigning Documents."

whereby Peak North agreed to assign Wilkinson an overriding royalty interest (ORRI) in certain oil and gas leases located in North Dakota.[4]

Pursuant to the Settlement Agreement, Peak North and Wilkinson agreed that "any disputes arising under this Agreement and/or the transactions contemplated herein shall be resolved in the United States District Court for the District of North Dakota Northwest Division and such court shall have exclusive jurisdiction hereunder and no party shall have the right to contest such jurisdiction or venue." The Assigning Documents contained similar clauses, stating that all disputes "shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and such courts shall have exclusive jurisdiction hereunder and neither [party] shall have the right to contest jurisdiction or venue."

In December 2010, Peak North merged with and into Enerplus, with Enerplus being the surviving entity. Because of an alleged clerical error between August 2014 and October 2015, Enerplus claims it overpaid the ORRI due to Wilkinson by $2,961,511.15. Upon discovering the error, Enerplus promptly, but unsuccessfully, sought return of the overpaid funds.

On February 29, 2016, Wilkinson sued Enerplus in the Fort Berthold Tribal Court, alleging Enerplus breached the Settlement Agreement by underpaying Wilkinson. Specifically, Wilkinson sought "an accounting on the leases, mineral acreage and [ORRI]"; sought "an order . . . decree[ing] that [Enerplus] has not fully paid its obligation"; and requested that "title be quieted as to such claim, and that [Enerplus] be forever debarred and enjoined from further asserting the same."

---

[4]Attorney Ervin Lee represented Wilkinson during the Settlement Agreement negotiation, and ten percent of Wilkinson's ORRI was assigned to Lee as part of the Settlement Agreement. Because Lee's interest is derived from Wilkinson's interest and Lee is similarly situated to Wilkinson in the present action, we need not separately discuss Lee's interest.

Enerplus subsequently brought this action in the federal district court, seeking (1) a preliminary injunction prohibiting Wilkinson from prosecuting any lawsuits in tribal court arising from or relating to the Settlement Agreement and prohibiting the tribal court from exercising jurisdiction over Enerplus in Wilkinson's tribal court case, and (2) an order requiring that the overpaid ORRI be deposited into the district court's registry. In response, Wilkinson moved to dismiss. The district court granted Enerplus's motion for preliminary injunctive relief and denied Wilkinson's motion to dismiss. Specifically, the court enjoined Wilkinson from prosecuting any lawsuits arising from or relating to the Settlement Agreement in the tribal court, prohibited the tribal court from exercising jurisdiction over Enerplus in Wilkinson's pending suit, and ordered Wilkinson to transfer the overpaid ORRI into the district court's registry. On appeal, we affirmed the district court's grant of a preliminary injunction. *See Enerplus*, 865 F.3d at 1097–98.

Enerplus then moved for summary judgment, seeking a determination that it was entitled to return of the overpayment. Wilkinson responded by challenging Enerplus's standing to bring the action, as he did before this court on appeal from the district court's grant of the preliminary injunction. *See id.* ("Wilkinson asserts that Enerplus lacks standing to enforce the forum selection clause because the Settlement Agreement incorporates by reference the underlying leases, which prohibit the assignment of mineral interests without approval from the Secretary of the Interior."). Wilkinson submitted no evidence in support of his argument. The district court granted Enerplus's motion, finding that Peak North merged into Enerplus and, therefore, Enerplus had standing to bring its claims against Wilkinson.

Thereafter, Enerplus filed a second motion for summary judgment, seeking to permanently enjoin Wilkinson from pursuing any claims related to the Settlement Agreement, ORRI Assignment, or Assigning Documents and to permanently enjoin the tribal court from exercising jurisdiction over such matters. Enerplus also sought

an award of fees and costs pursuant to a fee-shifting provision in the Settlement Agreement and Assigning Documents. The district court granted the motion and awarded Enerplus its attorney's fees and costs.

Wilkinson moved for reconsideration, arguing that "the Fort Berthold Indian Reservation has a law prohibiting the assignment of oil and gas leases" and that Enerplus's refusal to provide an accounting or prove its assignment from Peak North is in violation of Resolution No. 08-87-VJB. Memo. in Support of Mot. for Recons., *Enerplus Res. (USA) Corp. v. Wilkinson*, No. 1:16-cv-00103-DLH-CSM (D.N.D. Nov. 16, 2017), ECF No. 94. The district court denied the motion.

## II. *Discussion*

On appeal, Wilkinson argues that (1) Enerplus lacks standing to assert its claim because it failed to show that Peak North properly assigned the mineral interests to Enerplus; (2) disputed issues of material fact exist concerning "whether there was actually an overpayment or underpayment based on Wilkinson's written agreement ORRI of 0.44649% and Enerplus'[s] unwritten claimed overpayment based on [its] claim that Wilkinson's ORRI is [0].00124577%," Appellant's Br. at 8–9; and (3) the district court erred in not considering Enerplus's failure to provide "proof of its assignment from Peak North in violation of Fort Berthold Indian Reservation Resolutions and Policies." *Id.* at 10.

We review de novo the district court's grant of summary judgment to Enerplus, *see Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc), and now affirm.

First, we have already rejected Wilkinson's argument that Enerplus lacks standing because Enerplus has produced no proof that Peak North properly *assigned* the mineral interests to Enerplus. *See Enerplus*, 865 F.3d at 1097–98. As the district court explained, Wilkinson is "confus[ing] principles of merger and assignment."

-5-

*Enerplus Res. (USA) Corp. v. Wilkinson*, No. 1:16-cv-00103-DLH-CSM, 2017 WL 721977, at *4 (D.N.D. Feb. 23, 2017). "Because Enerplus and Peak North merged, *there was no assignment* of any oil and gas leases for the Secretary of the Interior to approve, if indeed such approval is required. . . . Enerplus, having merged with Peak North and having made the mistaken overpayment, clearly has standing." *Id*. (emphasis added). Enerplus produced evidence of the merger with Peak North through a certificate of merger, and Wilkinson has produced no evidence to undermine the validity of this certificate. Furthermore, because Peak North merged with Enerplus, Wilkinson's argument that the district court erred in not considering Enerplus's failure to produce proof of the alleged assignment from Peak North necessarily fails.

Second, no disputed issues of material fact exist as to the amount of the overpayment from Enerplus to Wilkinson. The record shows that, in response to Enerplus's motion for summary judgment, Wilkinson never contested the amount of the overpayment or provided proof contrary to the declarations and exhibits that Enerplus produced. As the district court noted, "Wilkinson . . . did not serve any discovery requests or deposition notices on [Enerplus] prior to the close of discovery. With the time for discovery closed and having failed to pursue discovery, [Wilkinson] cannot oppose summary judgment on the basis that discovery is not yet complete." *Id.* Wilkinson's failure to serve discovery on Enerplus and subsequent failure to present contrary evidence on the amount of the overpayment mean that Wilkinson has failed to satisfy his "obligat[ion] to meet proof with proof at the summary-judgment stage." *Bolderson v. City of Wentzville*, 840 F.3d 982, 986 (8th Cir. 2016).

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____